In re Dale L. SETTLES and Jean E. Settles, Debtors.

Dale L. SETTLES and Jean E. Settles, Petitioners/Debtors,

v.

UNITED STATES of America, acting Through the FARMERS HOME ADMINISTRATION, United States Department of Agriculture, and Commodity Credit Corporation, Respondents/Creditors.

Bankruptcy No. 86–81252.

United States Bankruptcy Court, C.D. Illinois.

July 2, 1987.

See also, 69 B.R. 634.

Barry M. Barash, Barash, Stoerzbach & Henson, Galesburg, Ill., for debtors.

L. Lee Smith, Asst. U.S. Atty., Peoria, Ill., for Farmers Home Admin.

Brian Holland, Bushnell, Ill., for Farmers and Merchants State Bank of Bushnell.

## OPINION

WILLIAM V. ALTENBERGER, Bankruptcy Judge.

The Debtors are farmers who filed a voluntary petition under Chapter 11. Prior to their filing, the Debtors had planted their 1986 crops, which crops were growing and standing unharvested in the field at the time of their filing. In producing the crops, the Debtors, post petition, provided certain labor or expended certain funds as follows:

| | |
|---|---|
| Hoeing | $183.75 |
| Cultivating | 1,575.00 |
| Applying Anhydrous | 630.00 |
| 10% road travel and mgt. risk | 744.74 |
| Anhydrous Ammonia | 2,593.54 |
| Herbicide | 160.00 |
| Total | $5,887.03 |

The Farmers Home Administration (FmHA) held a security interest on the Debtors' 1986 crops, which were ultimately turned over to FmHA. Debtors' Chapter 11 plan was subsequently confirmed. Pursuant to Section 506 of the Bankruptcy Code the Debtors now seek reimbursement from FmHA of the $5,887.03 as direct expenses which they allege were incurred on FmHA's behalf to produce the crops.

Section 506(c) of the Bankruptcy Code provides as follows:

"(c) The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim."

At the hearing on the Debtors' motion, this Court found that the Anhydrous Ammonia and Herbicide expenses fall within the scope of Section 506(c). This Court further found that the remainder of the items did not fall within the scope of Section 506(c). The purpose of this opinion is to set forth in written form the basis for this Court's denial.

At the hearing on the motion, the Debtors' testimony was that the items of hoeing, cultivating, applying anhydrous, and for road travel and management risk all involve personal labor of the Debtors and did not involve any expenditure of funds by the Debtors. This Court has consistently ruled that debtors in a Chapter 11 proceeding may not recover from a secured creditor the value of their personal labor in producing a crop which is ultimately sold and the proceeds delivered to the secured creditor. *See, In re Kotter,* 59 B.R. 266 (Bkrtcy.1986); *In re Lindsey,* 59 B.R. 168 (Bkrtcy.1986); and *n re Worrell,* 59 B.R. 172 (Bkrtcy.1986).

■ In order for the Debtors to recover these items pursuant to Section 506(c), the Debtors must prove that they were expenses which were (1) reasonable, (2) necessary, and (3) beneficial to the creditor. *In the Matter of Trim-X, Inc.,* 695 F.2d 296 (7th Cir.1982), and *In the Matter of Combined Crofts Corporation,* 54 B.R. 294 (Bkrtcy.1985). A determination of whether the items meet the requirements of Section 506(c) will depend upon the facts in the particular case. *See, Collier on Bankruptcy,* Section 506.06.

■ Before discussing these three factors, the threshold question of whether all the items are in fact expenses which are subject to Section 506(c) must be addressed. The Legislative History to Section 506(c) provides as follows:

"Any time the ... debtor in possession *expends money* to provide for the reasonable and necessary cost and expenses of preserving or disposing of a secured creditor's collateral, the ... debtor in possession is entitled to recover such expenses from the secured party or from the property securing an allowed secured claim held by such party." (Emphasis added) [124 Cong.Rec. H 11,095 (Sept. 28, 1978); S 17,411 (Oct. 6, 1978).]

The items do not involve the expenditures of money. These items represent reimbursement for Debtors' labors in producing the crop. As there is no expenditure of

money, these are not expenses which are recoverable under Section 506(c).

■ Even if these items were considered to be expenses subject to Section 506(c) they would not be allowable because they do not meet all three of the requirements of Section 506(c). The brief, but unopposed, testimony of the Debtors indicates that these items were reasonable and necessary. However, the testimony did not convince the Court they were beneficial to the FmHA.

■ For the purpose of Section 506, it must be shown that the costs and expenses were expended primarily to benefit the creditor, and directly benefited the creditor. Indirect, uncertain, or speculative benefits are not recoverable. Incidental benefits which accrue to the creditor are generally not recoverable. *In the Matter of Combined Crofts Corporation, supra.* In this case, the FmHA did receive a benefit. However, the labors were expended primarily to benefit the Debtors by permitting the Debtors to continue to farm until they could successfully reorganize.

To permit the Debtors to recover from the FmHA the value of the Debtors' labors in producing the crops during the course of their reorganization would impose upon the FmHA part of the expense of the Debtors' reorganization. There is nothing in the Bankruptcy Code or its legislative history which would indicate Congress ever intended such a result.

■ I, THEREFORE, HOLD that the Debtors can recover from the FmHA for reasonable and necessary and beneficial costs and expenses the following:

| | |
|---|---|
| Anhydrous Ammonia | $2,593.54 |
| Herbicide | 160.00 |
| Total | $2,753.54 |

As to the remaining items, I hold these are not recoverable from the FmHA, as they are not expenses covered by Section 506(c) and were for the primary benefit of the Debtors.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.